UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ADEBOWALE ADENEKAN, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CASE NO. 1:10-cv-01668-WTL-DML |
| ELI LILLY& COMPANY, | ) ) ) | |
| Defendant. | ) | |

## **Order Denying Motion for Leave to Amend**

Mr. Adenekan's lawsuit was originally part of the *Welch et al. v. Eli Lilly and Company* litigation[1] that this court severed in 2010 and later closed. Mr. Adenekan filed a complaint to initiate this individual action as provided by Chief Judge Young's severance order in *Welch* (*Welch* Dkt. 541). He now seeks leave to file an amended complaint asserting a retaliation claim against Lilly, based on treatment he alleges occurred before his termination in 2007.[2] Lilly opposes amendment, arguing that Mr. Adenekan has waited too long to seek amendment and that it will be severely prejudiced if Mr. Adenekan is permitted to add a retaliation claim to his complaint.

This court recently addressed similar issues in its order granting the plaintiffs' motions for leave to amend in three other former *Welch* cases, *Jones v. Eli Lilly*, Case No. 1:10-cv-1658-RLY-DML, *Keough v. Eli Lilly*, Case No. 1:10-cv-1654-SEB-DML, and *Peterson v. Eli Lilly*,

---

[1]  Case No. 1:06-cv-641-RLY-DML ("*Welch*")

[2]  The proposed amended complaint does not make clear whether Mr. Adenekan intends to allege that the termination itself was retaliatory. In any event, the events alleged all occurred no later than December 2007.

Case No. 1:10-cv-1653-SEB-DML.³ Having considered the proposed amendment in *this* case in light of the relevant considerations outlined in the *Jones* Order and Chief Judge Young's prior orders, the court finds that amendment should not be allowed. The motion for leave (Dkt. 30) is therefore DENIED.

The general procedural history of the *Welch* case pertinent to this motion for leave to amend was recently discussed in the *Jones* Order and will not be repeated in detail here. The operative Second Amended Complaint in *Welch* devoted four paragraphs to Mr. Adenekan's individual allegations against Lilly. Those allegations generally outline a course of disparate treatment by Lilly on the basis of race.

In April of 2009, the plaintiffs filed Mr. Adenekan's Declaration in the *Welch* case. (*See Welch* Dkt. 332-1) In that declaration, Mr. Adenekan did expressly assert that Lilly had retaliated against him for engaging in protected activities (¶¶ 5, 14). Lilly deposed Mr. Adenekan in October 2010, and on several occasions in his deposition Mr. Adenekan testified that he believed he had been retaliated against, primarily for making a complaint on the employee hotline. (*See* Dkt. 30-2)

## Analysis

The starting point for the court's analysis of the undue delay and prejudice arguments Lilly has raised is the nature of the amendment Mr. Adenekan seeks to make. In *Jones*, this court determined that the proposed amendments merely supplied further factual detail for the claims the plaintiffs had already asserted in the Second Amended Complaint filed in *Welch*; they did not assert new claims or substantive legal theories. Indeed, the court questioned whether the

---

³ The order granting leave to amend is docketed at number 35 in each of the cases. The court will refer to the cases collectively in this entry as "*Jones*" and the order granting leave as the "*Jones* Order."

plaintiffs even needed to amend to present the additional matters at trial. (*Jones* Order, pp. 5-7)

Mr. Adenekan's proposed amendment is quite different. Retaliation is a distinct claim—both from a legal and a factual standpoint. *See generally Stephens v. Erickson,* 569 F.3d 779, 786-87 (7th Cir. 2009) (discussing elements and proof of retaliation claims).

In his motion for leave to amend, the plaintiff acknowledges that he seeks the court's leave "to add a new claim to the complaint." (Dkt. 30, p. 2) Although he reverses course in his reply brief (*see* Dkt. 33, pp. 1, 2-4), the Second Amended Complaint cannot fairly be read to encompass a claim for retaliation. The word itself is never used, and the allegations do not draw a causal connection between protected activity and any adverse employment action.

Chief Judge Young's order severing the *Welch* cases directs that the subsequently-filed individual actions like this one would be a continuation of the *Welch* action and would be "subject to all prior rulings in [*Welch*] to the extent applicable." (*Welch* Dkt. 541, ¶ 10) The conclusion that Mr. Adenekan's proposed amendment adds a new claim puts his request squarely within a prior order in *Welch.* In his order of November 13, 2009 (*Welch* Dkt. 390), Chief Judge Young denied leave to amend, in part because some individual plaintiffs wanted to add claims that were inconsistent with or not encompassed by their allegations contained in the Second Amended Complaint (*Id.*, p. 4). If it was "unfair" in 2009 to " inject new theories into this lawsuit after substantial discovery and three years of litigation," then it is certainly unfair to do so now.[4]

---

[4] The fact that Mr. Adenekan mentioned retaliation in his 2009 declaration and his October 2010 deposition does not overcome his undue delay in seeking to add a distinct new claim until years after the events alleged.

The motion for leave to amend is therefore DENIED.

So ORDERED.

Date: 07/08/2011

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Ellen E. Boshkoff
BAKER & DANIELS
ellen.boshkoff@bakerd.com

Robert Thomas Dassow
HOVDE DASSOW & DEETS LLC
rdassow@hovdelaw.com

Sharon Yvette Eubanks
SANFORD WITTELS & HEISLER LLP
seubanks@swhlegal.com

Martha M. McBrayer
MORELLI RATNER, PC
mmcbrayer@morellilaw.com

Jamenda A. McCoy
BAKER & DANIELS LLP-Chicago
jamenda.mccoy@bakerd.com

Benedict P. Morelli
MORELLI RATNER, PC
bmorelli@morellilaw.com

Ada N. Orakwusi
MORELLI RATNER PC
aorakwusi@morellilaw.com

David S. Ratner
MORELLI RATNER, PC
dratner@morellilaw.com

Kristen L. Walsh
SANFORD WITTELS & HEISLER, LLP
kwalsh@swhlegal.com